FILED
DISTRICT OF MARYLAND
2010 MAY -7 A 11: 37
CLERK'S OFFICE
AT BALTIMORE
BY_____ _____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES BLACKWELL, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. RDB-09-2383 |
| WARDEN | * | |
| Defendant. | | |

\*\*\*\*\*

## MEMORANDUM OPINION

On September 10, 2009, the Court received correspondence from Plaintiff James Blackwell which was construed as a complaint for injunctive relief. Plaintiff, an inmate incarcerated at the Western Correctional Institution ("WCI") states that he owes money to the prison gang known as the Black Gorilla Family ("BGF"). He states that his requests for protective custody status have been improperly denied and that he fears for his safety. Plaintiff seeks injunctive relief requiring Defendant to place him on protective custody. Paper No. 1.

The Office of the Maryland Attorney General was ordered to file an immediate response to the Complaint to show cause why Plaintiff should not be housed on protective custody. Paper No. 2. Defendant's response was construed as a dispositive filing and Plaintiff was granted an opportunity to file an opposition. Paper Nos. 3, 5 & 6. Plaintiff has responded. Paper Nos. 4 & 7. The matter is ripe for consideration. For reasons to follow, injunctive relief shall be denied and the case dismissed without hearing.

Defendant indicates that Plaintiff's allegations concerning owing the BGF money have been made on more than one occasion, investigated each time by Division of Correction staff, and found to be unsupported. Paper No. 3, Ex. 1. Specifically, on December 16, 2008, Plaintiff's request for

protective custody was investigated by D. Bittinger. Bittinger could not substantiate any claims regarding drug debts. On February 4, 2009, Plaintiff was placed on administrative segregation in order to investigate his claims of owing drug money to the BGF. At that time Plaintiff named several inmates who he claimed he owed money. His claims could not be verified. Plaintiff was also asked at that time why he named an inmate he owed money and presumably feared, but Plaintiff's traffic history revealed they were housed together without incident. Plaintiff advised the investigator that he owed this inmate money for drugs but they had "worked it out." Having determined that Plaintiff was manipulating housing prison staff removed him from administrative segregation on February 20, 2009, with his claims noted as unsubstantiated. In August 11, 2009, Plaintiff's continued claims were discussed in the weekly administrative segregation meeting attended by the Warden, Assistant Warden, Chief of Security, a member of the psychology department, Housing Unit Managers and Case Management personnel. The group discussed that Plaintiff's allegations which had been investigated numerous times, and determined was made that Plaintiff was using the alleged drug debts as a means to obtain special housing. *Id.*, Ex. 1, 2, & 5. Defendant further notes that since Plaintiff claimed he owed money to BGF he has been housed on general population on two occasions without incident. *Id.*, Ex. 1 and 6.

In his response, Plaintiff presents as evidence of his drug debts a note written to him by Captain Butler, dated July 24, 2007, indicating that Plaintiff's mail to "Celestine Smith" would need to be approved by the Assistant Warden and that such an exception was unlikely as "All inmates are restricted from sending her money due to her connection to a drug smuggling organization." Paper No. 4, Attachment. He also provides a second letter to him from Captain Butler, dated May 28, 2009, indicating that his mail request was denied because the "address is the same as somebody

2

known to be involved in the drug trade and associated with a known gang member and suspected drug dealer." *Id.* Plaintiff has also included letters and notes from outside the institution and from other inmates referencing debts Plaintiff owes and encouraging him to make good on the debts. *Id.* Plaintiff does not indicate when these letters were received, whether he forwarded them to staff, or the identity of the inmates or other individuals who wrote the letters.

The Complaint before this Court seeks injunctive relief. The party seeking preliminary injunctive relief must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008). The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions, as the standard articulated in *Winter* governs the issuance of such emergency relief. *See Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342 (4th Cir. 2009).

The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) The irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983). Plaintiff has failed to show irreparable harm and demonstrate a need for protective custody. His claims regarding drug debts owed to the BGF and its threats against him remain unsubstantiated even in light of Plaintiff's proffered evidence regarding owing drug money. The Court understands that prison environments do not necessarily

3

lend themselves to easy identification of possible assailants or enemies. Nonetheless, given the standard of review, injunctive relief cannot be granted on unsubstantiated claims of risk of harm. Consequently, injunctive relief shall be denied and the Complaint shall be dismissed by separate order.

Date: May 6, 2010

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

4